IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GUILLERMO M. PEREZ,               §
TDCJ-CID NO.1533243,              §
      Petitioner,              §
v.                                §          CIVIL ACTION NO. H-11-3982
                                  §
RICK THALER,                      §
      Respondent.              §

OPINION ON DISMISSAL

      Petitioner Guillermo M. Perez, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his aggravated assault conviction, for which he received an enhanced fifty-year sentence. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.12), to which petitioner has filed a response and a cross-motion for summary judgment. (Docket Entry No.18). Petitioner has also filed motions for discovery and for a stay and abeyance. (Docket Entries No.15, No.16). After considering all of the pleadings, the entire record, and the applicable law, the Court will deny petitioner's pending motions, grant respondent's motion for summary judgment, and dismiss this habeas petition.

I.    BACKGROUND AND PROCEDURAL HISTORY

      Petitioner was indicted on a charge of aggravated assault in cause number 1181801. (Docket Entry No.10-34, page 68). The indictment alleged that he 'unlawfully, intentionally and knowingly cause[d] bodily injury to Maria Guerrero by using a deadly weapon, namely a machete.' (Docket Entries No.10-34, page 68; No.10-30, page 40). He entered a plea of not guilty to the offense. (Docket Entry No.10-30, page 40). A jury in the 176th Criminal

District Court of Harris County, Texas, heard evidence of the following, as summarized in

pertinent part by the First Court of Appeals for the State of Texas:

> Appellant and the complainant, Maria Guerrero, dated and lived together. Guerrero testified that, on the evening of August 10, 2007, she was watching television in her bedroom, and appellant came home with a machete. Appellant was upset, was yelling at her, and he suddenly hit her bed with the machete. Appellant then struck Guerrero on her leg and waist, or her leg and chest, with the flat surface of the blade. Guerrero testified that the machete was "long, new, and very sharp," and that it hurt badly.

> Guerrero testified that appellant then forced her into his car, brought the machete along and put it in the back seat, and drove her to his friend's house. On the way, appellant repeatedly struck Guerrero's face with his hand. Guerrero said that she believed that appellant was going to kill her. When they arrived, Guerrero asked the friend, "Roberto," for some ice, but appellant would not let Roberto give her the ice. Appellant also grabbed a stick that Roberto uses to keep his door closed and struck Guerrero in the arm. Guerrero described the stick as being "thicker ... than . . . a mop handle." Roberto witnessed the attack, but he did not report it, and he did not testify at trial.

> When appellant and Guerrero returned home, appellant's anger had subsided and he left. One of Guerrero's relatives, Jose Martinez, arrived at the home, saw Guerrero's injuries, and left-apparently seeking a working telephone. Shortly thereafter, paramedics and the police arrived to assist Guerrero.

> Officer M. Rodriguez of the Houston Police Department arrived at Guerrero's home. Officer Rodriguez testified that Guerrero's left eye was bruised and swollen, and that she appeared to be in pain. While he interviewed Guerrero, appellant drove up to the house. Officer Rodriguez went outside to meet up with appellant and tapped on the car window. Appellant appeared "dazed" and would not look at Officer Rodriguez. Officer Rodriguez detained him, then went back inside and asked Guerrero where the machete could be found. Guerrero went outside to appellant's car, retrieved the machete, and gave it to Officer Rodriguez.

> The machete was not produced at trial. Officer Rodriguez testified, however, that it was approximately 18 inches long, had a 5-inch blade and a black handle, and looked relatively new. Guerrero reported how the machete was used on her, and Officer Rodriguez testified that, based on his training and experience, he considered the machete to be a deadly weapon. Officer Rodriguez said that, based on the manner of appellant's

use, the machete could have easily 'flipped' in his hand and caused serious injuries.

Officer Guerrero also testified that Guerrero had reported to him that she had been hit one time with a wooden stick.  Officer Rodriguez testified that a stick could be a deadly weapon, but that he would not characterize the stick as a deadly weapon in this case, given the manner of its use.

Paramedic Heath Moore of the Houston Fire Department was also dispatched to Guerrero's house.  He testified that he saw bruising around her left eye and on her left arm.  He also saw red welts on her arm.  Guerrero refused further medical treatment.  Photographs of her injuries were admitted at trial.

*Perez v. State,* No.01-08-00817-CR, 2010 WL 1241278 at \*1-2 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (not designated for publication).   On September 30, 2008, the jury found petitioner guilty of the offense.  (Docket Entry No.10-30, page 51).  Punishment was assessed at fifty-years confinement in TDCJ-CID.  (Docket Entry No.10-11, page 19.).

On direct appeal, petitioner complained that the evidence was legally and factually insufficient to support the verdict.  *Perez,* 2010 WL 1241278 at \*2.   The state intermediate appellate court addressed each claim on the merits and affirmed the lower court's judgment of conviction.  *Id.* at \*5.  The Texas Court of Criminal Appeals refused his petition for discretionary review.

Thereafter, petitioner sought state habeas relief on the following grounds:

1. He was *denied* the effective assistance of counsel at trial. Trial counsel failed to:

    a. Object to evidence not relevant to the case;

    b. Request a motion to suppress evidence; and,

    c. Investigate the mysterious missing machete.

2. He was *deprived* of the effective assistance of counsel when trial counsel failed to:

a.      Object to a void or voidable indictment; and,

b.      Refused to file a motion for new trial; and,

3.      He was denied due process and equal protection when his attorney, the state appellate court, and the Harris County District Clerk failed to provide him with a copy of the trial transcript.

(Docket Entry No.10-34, pages 7-33) (emphasis added). The state district court, sitting as a habeas court, recommended that petitioner's state habeas application be denied and entered written findings and conclusions of law. (*Id*., pages 47-51). The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing. (*Id.*, page 2).

Liberally construing petitioner's pleadings, the Court finds that petitioner seeks federal habeas relief on the following grounds:

1.      He was denied the effective assistance of counsel at trial. Trial counsel failed to

a.      Investigate the existence of the machete by filing a motion for exculpatory and mitigating evidence;

b.      Object to the defective indictment;

c.      File a motion to suppress evidence;

d.      File a motion for new trial;

e.      File a motion to quash the indictment because the court did not enter a transfer order;

f.      File a motion to quash the indictment "that compelled double jeopardy";

g.      Object to Officer Rodriguez's testimony about the machete;

        2.      The state district court lacked jurisdiction to hear the case because the case was transferred between courts without a transfer order; and,

        3.      He is actually innocent of the aggravated assault with a deadly weapon offense.

(Docket Entries No.1, page 7; No.1-2, pages 2-4, 6, 9).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his claims fail on the merits, and some of his claims are unexhausted and procedurally barred.  (Docket Entry No.12).

Petitioner moves for summary judgment on grounds that the state court did not apply federal law to the case because the Texas Court of Criminal Appeals did not enter written findings.  (Docket Entry No.18, pages 24-27).  Petitioner also seeks an evidentiary hearing.  (*Id.*, pages 27-28).  He reasserts his claims without discussion that he has been denied the effective assistance of counsel and that he is actually innocent of the charge of aggravated assault.  (*Id.*, page 28).

## II.     STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*,

18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, –U.S.–, 131 S.Ct. 770, 787 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions").  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review.  *Renico v. Lett*, –U.S.–, 130 S.Ct. 1855, 1862 (2010) (quotations omitted).

The AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] § 2254(d)(1) and (d)(2)."  *Richter*, 131 S.Ct. at 784. In this case, petitioner presented claims in a petition for discretionary review, which the Texas Court of Criminal Appeals refused, and in a state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law."  *Berghuis v. Thompkins*, –U.S.–, 130 S.Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)).  The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but

whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  Thus, the AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction.  *Richter*, 131 S.Ct. at 786 (citation omitted); *see also Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1399 (2011).  Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*, 131 S.Ct. at 1399, 1400.  Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*, 131 S.Ct. at 1400.

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *Id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them.  *Haines*, 404 U.S. at 521.  Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.  *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III.   DISCUSSION

#### A.   Actual Innocence

Petitioner does not contend that the record is devoid of any evidence that machete used in this case was not a deadly weapon.  Moreover, he confesses that he assaulted complainant.  Petitioner contends that he did not commit aggravated assault because the machete, upon which the State predicated the aggravated assault charge, did not exist.  Petitioner bases this contention on his trial counsel's failure to investigate the log-in records of the police property room, the State's failure to produce the machete at trial, and Officer Rodriguez's allegedly false testimony about the machete at trial.   (Docket Entries No.1, page 7; No.1-2, pages 9-11; No.18, pages 5, 19-23).

In federal habeas proceedings, two avenues exist for asserting an actual innocence claim:  a "gateway" claim under *Schlup v. Delo*, 513 U.S. 298, 319-322 (1995), and a "freestanding" claim, as discussed in *Herrera v. Collins*, 506 U.S. 390, 417 (1993).  As a general rule, claims forfeited under state law may support federal habeas relief only if a petitioner demonstrates cause for the default and prejudice from the asserted error.  *See House v. Bell*, 547 U.S. 518, 536 (2006).  However, in *Schlup*, the Supreme Court recognized a "miscarriage of justice" exception to

the default principle and held that prisoners asserting actual innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. A successful gateway claim under *Schlup* does nothing more than allow an otherwise procedurally-barred claim to be reviewed by the federal court; it does not act to grant habeas relief.

In this case, petitioner has produced no evidence to support his claim that the machete did not exist or that Officer Rodriguez's testimony about the machete was false. Moreover, state evidentiary rules did not require the production of the machete at trial. As the state appellate courts explained, in pertinent part:

> Introducing a weapon into evidence assists the jury, but the jury may determine that the weapon was capable of causing death or serious bodily injury even if it is not in evidence. . . . Here, the jury was free to accept or reject both Guerrero's and Officer Rodriguez's testimony that the machete existed and was used.

*Perez*, 2010 WL 1241278 n.1 (citations to case law omitted). Such a rule does not raise a federal or constitutional issue. *See Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) (stating that "[i]n habeas actions, this court does not sit to review the mere admissibility of evidence under state law"). Petitioner fails to state a cognizable claim under *Schlup*.

To the extent that petitioner raises a "freestanding" claim of actual innocence, he also fails to state a cognizable claim. In *Herrera*, the Supreme Court assumed without deciding that, "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." 506 U.S. at 417. In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual innocence claims are to be recognized in federal habeas proceedings. *House*, 547 U.S. at

555.  The Fifth Circuit, however, has reaffirmed its refusal to recognize a freestanding actual

innocence claim in federal habeas proceedings.  *See Cantu v. Thaler*, 632 F.3d 157, 167-68 (5th

Cir. 2011), *remanded on other grounds*, __U.S.__, 132 S.Ct. 1791 (2012).

       In short, petitioner has not overcome the state habeas court's findings that his

claims did not raise jurisdictional defects or violations of fundamental or constitutional rights

and that in all things, he failed to demonstrate that his conviction was improperly obtained.

(Docket Entry No.10-34, page 50).  To the extent that petitioner challenges his conviction based

on the State's failure to produce the weapon at trial and its reliance on the testimony of Officer

Rodriguez, he fails to overcome the state appellate courts' finding of legal sufficiency under

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).  *Perez*, 2010 WL 1241278 at * 3-4.

       Accordingly, respondent is entitled to summary judgment on petitioner's actual

innocence claim.

## B.    <u>Procedural Bar</u>

       Respondent contends, and petitioner agrees, that he did not exhaust claims

alleging ineffective assistance of counsel for failing to file a motion to quash the indictment and

to object to witness testimony.  (Docket Entries No.12, page 7; No.16, page 2).  Nor did

petitioner exhaust his claim that the state district court lacked jurisdiction over the case.  (*Id.*).

Respondent moves to dismiss these claims as procedurally barred.  (Docket Entry No.12, pages

8-9).  Petitioner requests a stay and abeyance to allow him to return to state court and exhaust

such claims.  (Docket Entry No.16).  Presently, no new habeas proceeding is pending in state

court.

       A federal court has limited discretion to stay a habeas petition and hold it in

abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims. *See*

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).  A *Rhines* stay is appropriate only if the petitioner shows (1) good cause for his failure to exhaust his claims, and (2) his unexhausted claims are not plainly meritless.  *Id.*  Here, petitioner has not met either prong.

Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ or "no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 11.07, §4(a) (Vernon 2005).  Petitioner's federal habeas petition does not contain specific facts to establish that petitioner's unexhausted claims in the present action could not have been raised in state habeas proceedings or his actual innocence.  To invoke the actual innocence exception to the statutory bar under state law, a subsequent application must contain facts to establish both a *prima facie* claim of a federal constitutional violation and a *prima facie* claim of actual innocence.  *Ex parte Brooks*, 219 S.W.3d 396, 400 (Tex. Crim. App. 2007) (adopting the reasoning of *Schlup*, 513 U.S. at 315). Here, petitioner fails to make a *prima facie* case of either.  Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would most likely be procedurally barred in state court.

The State's procedural bar provides an adequate basis to decline a request to stay and abate.  *See Jaramillo v. Quarterman*, No. SA-08-CV-1003, 2009 WL 3765501, *3 (W.D. Tex. Nov.10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*"); *Anderson v. Quarterman*, No. 3:05-CV-2331-D, 2008 WL 906068, *1, *6 and n. 7 (N.D. Tex. Mar. 31, 2008) (denying habeas petition in part as procedurally barred, and denying stay in light of Texas Abuse of the Writ doctrine).  Accordingly, petitioner's request for a stay and abeyance (Docket Entry No.16) is DENIED.

With respect to federal habeas review, a procedural bar occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Such a bar precludes this Court from reviewing petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750. To overcome the procedural bar, a petitioner must demonstrate "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of this claim under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner, however, fails to address the default or the cause of the default in his response to the motion for summary judgment. (Docket Entries No.11, No.18). Petitioner repeatedly voices his innocence but, as previously noted, he has not produced any evidence that would support an actual innocence claim under *Schlup*. Accordingly, petitioner's claims alleging ineffective assistance of counsel for failing to file a motion to quash the indictment and to object to witness testimony and his claim that the state district court lacked jurisdiction over the case are subject to dismissal as procedurally barred.

C.     Ineffective Assistance of Counsel

Petitioner contends that he was deprived of the reasonably effective assistance of counsel at trial. (Docket Entries No.1, No.1-2, No.18). In its written findings, the state habeas

courts found that petitioner failed to show that he was denied reasonably effective assistance of counsel at trial and that the totality of representation afforded petitioner was sufficient to protect the his right to reasonably effective assistance of counsel.  (Docket Entry No.10-34, pages 48, 50).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993).  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 687-90.  A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decisions on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner contends that his trial counsel's performance was deficient because he presupposed the existence of the machete and never investigated its actual existence. (Docket Entries No.1-2, page 2, No.18, pages 9, 10, 12). He complains that trial counsel made no motion for production of exculpatory and mitigating evidence, hired no investigator, and conducted no independent investigation. (Docket Entries No.18, page 12 ). In order to establish that counsel was ineffective for failure to investigate, petitioner must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how

the evidence would have altered the outcome of the proceedings. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

      The state habeas courts noted that petitioner did not specify any facts that trial counsel neglected and failed to show what a more in-depth investigation would have revealed. (Docket Entry No.10-34, page 48).  The state courts further noted that even if the investigation was limited, the attorney's decision may be reasonable under the circumstances.  (*Id.*).

      The record shows that complainant testified that petitioner used a machete in the commission of the assault.  (Docket Entry No.10-30, pages 41, 43, 44).  The investigating police officer testified to the recovery of the machete, its size, shape, and weight, and petitioner's use of the machete as a deadly weapon based on complainant's version of the events that transpired. (*Id.*, page 47).  The investigating officer further testified that the machete was missing from the property room and was not in court that day.   (*Id.*, pages 47, 48).   In light of testimony establishing the existence of the machete on the day of the assault and in light of a state evidentiary rule that does not require the introduction of the actual weapon at trial, petitioner fails to show his trial counsel's failure to investigate the existence of the machete was unreasonable or prejudicial.

      Next, petitioner complains that trial counsel was ineffective for failing to object to the indictment as defective because the indictment carried two different charges in the same paragraph.  (Docket Entry No.1, page 7; No.1-2, pages 2-3).  Petitioner explains in his response to respondent's motion for summary judgment:  the "indictment is defective because it charges assault through the language of 'caused bodily injury' and aggravated assault through the language of 'use of deadly [sic] weapon namely a machete."  (Docket Entry No.18, page 15).  Petitioner contends the phrase of the indictment that he caused "bodily injury" to complainant constitutes a

charge of assault and the phrase "by using a deadly weapon, namely a machete" constitutes a charge of aggravated assault. (*Id.*, page 16). Petitioner claims that this error constitutes a form defect[1] and voids the state court's judgment of conviction. (*Id.*, pages 16-17).

Section 22.02(a) of the Texas Penal Code provides that a person commits aggravated assault if he commits assault as defined in § 22.01 and the person: "(1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a) (Vernon 2011). In analyzing the sufficiency of the evidence to support petitioner's conviction, the state intermediate appellate court distinguished the offenses of assault and aggravated assault as follows:

> The Texas Penal Code provides that a person commits the offense of assault if (1) he intentionally, knowingly, or recklessly causes bodily injury to another, (2) he intentionally or knowingly threatens another with imminent bodily injury, or (3) he intentionally or knowingly causes physical contact with another when the person knows or should reasonably know that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2009). An assault is aggravated if, *inter alia*, the actor uses or exhibits a deadly weapon during the commission of the offense. *Id.* § 22.02(a)(2).

*Perez*, 2010 WL 1241278 at *3.

In this case, the indictment charged that petitioner "unlawfully, intentionally and knowingly cause[d] bodily injury to Maria Guerrero by using a deadly weapon, namely a machete." (Docket Entries No.10-30, page 40; 10-34, page 68). This language tracks the language of section 22.01(a)(1) and section 22.02(a)(2) of the Texas Penal Code and properly charged petitioner with aggravated assault. Generally, an indictment which tracks the statutory language will survive a motion to quash, unless the statutory language is not completely

---

[1] In Texas, a charging instrument may be attacked either on grounds of substance or form, or both. A defect of form is a failure to allege facts sufficient to give the accused adequate notice of precisely what he is charged with. *See* TEX. CODE CRIM. PROC. ANN. art. 27.09 (Vernon 2006).

descriptive of the offense. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). In such case, additional specificity will be required in the face of a timely motion to quash. *Id.* Petitioner fails to show that the statutory language was not completely descriptive of the offense in this case.

Because petitioner has not shown that there was a deficiency in the formal charging instrument approved by the grand jury or that the indictment failed to comport with Texas law, he also fails to show that his counsel had a valid objection to make. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, petitioner fails to demonstrate deficient performance or actual prejudice. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim") (citations omitted).

With respect to counsel's failure to file pretrial motions, the state habeas courts found that petitioner failed to carry his burden to show a benefit to filing the motion or harm and failed to show that the motions would have been successful if trial counsel had filed them. (Docket Entry No.10-34, page 40). Petitioner fails to rebut this finding.

Finally, petitioner contends that trial counsel's performance was deficient because counsel did not file a motion to suppress evidence or a motion for a new trial. (Docket Entry No.1, page 7). In response to the State's allegation that such claims are conclusory and meritless, petitioner questions why his trial counsel did not move to suppress testimony that relied on the machete if the machete could not be produced. (Docket Entry No.18, pages 11, 18-19).

Petitioner proffers no facts to show that the testimonies of complainant or the investigating officer were suspect or that the machete did not exist.

Rule 2(d) of the Rules Governing § 2254 Proceedings requires that the petition "set forth in summary form the facts supporting each of the grounds." A habeas corpus petitioner is not entitled to federal habeas relief or an evidentiary hearing on claims where he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996), or allegations that can be resolved on the record, *Lawrence v. Lensing*, 42 F.3d 255, 258-59 (5th Cir. 1994). Accordingly, petitioner is not entitled to federal habeas relief on this claim.

In short, petitioner has not shown that the state habeas court's findings regarding his counsel's representation were unreasonable under the AEDPA standard.

### D.   Written Findings & Evidentiary Hearing

Petitioner moves for summary judgment on the ground that the state courts did not appropriately resolve any factual disputes because it did not hold an evidentiary hearing and did not apply federal law to his state habeas application; he contends that the Texas Court of Criminal Appeals only "white carded" his state habeas application as "denied without written order" and did not issue a written opinion. (Docket Entry No.18, page 26). Petitioner also seeks an evidentiary hearing, claiming that he has established a colorable claim for relief and has never been accorded an evidentiary hearing in state court. (*Id.*, pages 27-28).

In this case, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order, adopting the trial court's findings without a hearing. (Docket Entry No.10-34, page 2). An explicit "denial without written order" is an adjudication on the merits, even though the state court has not explained its reasoning in a written opinion. *See*

*Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997 (holding that "denial" signifies an adjudication on the merits)). "Adjudication on the merits" requires that a state court afford a state prisoner a full and fair hearing on the merits, but a "full and fair hearing" does not necessarily require live testimony, and a paper hearing may be sufficient, especially where the state trial court and the state habeas court are one and the same.[2] *See Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).  Moreover, the burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004).

The record shows that petitioner was afforded a paper hearing by the state district court, sitting as a habeas court, and such court entered findings and conclusions of law that the Texas Court of Criminal Appeals explicitly adopted when it denied his application,  Such adjudication of petitioner's claims in state habeas proceedings is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d).  Petition has not demonstrated that the state court's adjudication on his claims was "contrary to, or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts," therefore, he has not shown that he is entitled to federal habeas relief on his claims.

Nevertheless, petitioner seeks an evidentiary hearing to establish facts outside the record that will show that no weapon ever existed.  (Docket Entries No.1-2, page 9; No.18, pages 27-28).  Petitioner's request for an evidentiary hearing is evaluated under 28 U.S.C. § 2254(e)(2), which provides, in relevant part:

---

[2] The record shows that the state district judge who entered the findings and conclusions of law was not the judge who presided over petitioner's criminal trial.  (Docket Entries No.10-11, page 19; No.10-34, pages 51).

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

(A)    the claim relies on-

        (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence, and,

(B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).  These exceptions are applicable only where the failure to develop the factual basis is the result of a decision or omission of the petitioner himself.

In this case, petitioner's claims are not derived from any new rule of law from the Supreme Court.  Although he claims to have undisclosed facts that establish his innocence, petitioner has not shown that such facts are new and previously undiscoverable or that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of aggravated assault.

Accordingly, petitioner's request for an evidentiary hearing and his motion for summary judgment are DENIED.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.   Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state proceedings, the Court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No.12) is GRANTED.

2. Petitioner's Motions for Summary Judgment and for an Evidentiary Hearing (Docket Entries No.18) are DENIED.

3. Petitioner's Motion for Leave of Court Requesting a Stay and Abeyance (Docket Entry No.16) are DENIED.

4. All other pending motions are DENIED.

5. A certificate of appealability is DENIED.

6. This habeas action is DISMISSED WITH PREJUDICE.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 13th day of February, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE